**UNITED STATES of America, Plaintiff—Appellee,**

v.

**James H. SANDERS and Robert M. Wright, Defendants— Appellants.**

**No. 10–10335.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 27, 2011.*

Filed Oct. 5, 2011.

Philip A. Ferrari, Office of the U.S. Attorney, Sacramento, CA, for Plaintiff–Appellee.

James H. Sanders, Scottsdale, AZ, pro se.

Robert M. Wright, Scottsdale, AZ, pro se.

Before: HAWKINS, SILVERMAN, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

James H. Sanders and Robert M. Wright appeal pro se from the district court's vexatious litigant order and denial of Wright's motion for a default judgment. Because this order was not a final decision under 28 U.S.C. § 1291 or the collateral order doctrine, we dismiss for lack of jurisdiction.

Sanders and Wright contend that they are entitled to a default judgment under Fed.R.Civ.P. 55 because neither the government nor the district court has opposed their motions for transfer of venue and recusal of the district court judge. Sanders and Wright also contend that the district court abused its discretion by issuing a vexatious litigant order with regard to Wright. Contrary to their contentions, neither the denial of a default judgment in a criminal case nor the vexatious litigant order constituted an appealable order. *See Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1055 (9th Cir.2007). Moreover, Wright and Sanders's contentions regarding the change in venue and recusal of the district court judge lack merit.

Appellants' motions for leave to file a supplemental appendix to the reply brief and to withdraw miscellaneous notices are granted.

Appellants' motions for "summary reversal" of the district court's order and for further consideration by a merits panel of appellants' "motion for summary ruling" are denied as moot.

**DISMISSED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.